STATE OF NORTH CAROLINA v. CHARLES WAYNE STRANGE

No. 8127SC1069

(Filed 18 May 1982)

**Criminal Law § 60.5— sufficiency of fingerprint evidence to withstand motion to dismiss**

In an action in which defendant was charged with the larceny of a truck, the evidence was sufficient to support jury findings that: (1) a fingerprint lifted from the inside mirror of the truck was the defendant's fingerprint; (2) this fingerprint was placed there by defendant at the time alleged in the bill of indictment; and (3) the defendant was the person who committed the crime charged in the bill.

Judge MARTIN (Robert M.) dissenting.

APPEAL by defendant from *Friday, Judge.* Judgment entered 8 May 1981 in Superior Court, GASTON County. Heard in the Court of Appeals 9 March 1982.

Defendant was charged with breaking or entering into the home of James T. Grindle and larceny therefrom. He was also

charged in a separate indictment with felonious larceny of Grindle's pickup truck. The breaking or entering and larceny charges were dismissed, and he was convicted of the felonious larceny of the truck belonging to Grindle. Grindle's home was for sale. He began work at 6:00 a.m. on 18 November 1980, and his wife left the home for work about 6:00 a.m. He had two sets of keys for the truck; the "extra" keys were left hanging under the telephone near the kitchen sink.

A realtor, Helen Johnson, showed the Grindle home to defendant and his mother about 11:00 a.m. on 18 November 1980. They entered the house by a key the realtor had. While in the house, Ms. Johnson did not see defendant pick up anything in the house. There were no vehicles on the premises while they were there.

Mr. and Mrs. Grindle returned to the house about 3:00 p.m. When they left to take Mrs. Grindle to work at her second job, the pickup truck was at the house. It was unlocked and the keys were on the kitchen sink. When Grindle returned about 9:45 p.m., he found the truck was missing, along with two television sets, a CB radio, and "a couple of electric razors." The front door was open. He located the truck about two days later and notified the police.

The police lifted a fingerprint from the inside mirror in the truck and it was identified as being made by the right thumb of the defendant.

Defendant's evidence showed that his mother was with him constantly until about 6:00 p.m. when defendant and his brother went to visit another brother. They returned in about an hour and defendant remained at home the rest of the night. Defendant is an epileptic, does not drive a car, and does not have a driver's license. Defendant's brother Ralph testified that defendant and another brother, Hubert, came to his house that evening about 6:00 or 6:30 and stayed about an hour.

*Attorney General Edmisten, by Assistant Attorney General Robert R. Reilly, for the State.*

*Assistant Public Defender, 27A Judicial District, Kellum Morris for defendant appellant.*

MARTIN (Harry C.), Judge.

The decisive question on this appeal is whether the trial court erred in denying the defendant's motion to dismiss at the close of all the evidence. Such a motion requires the court to consider all the evidence in the light most favorable to the state. *State v. McKinney*, 288 N.C. 113, 215 S.E. 2d 578 (1975). In this case the state relies in part upon circumstantial evidence. If, however, there is substantial evidence to support a finding that the offense charged has been committed and that defendant committed it, the motion to dismiss should be denied whether the evidence is direct, circumstantial, or both. *Id.*

The only evidence tending to show that defendant was ever in James T. Grindle's truck is a latent fingerprint found on the inside rearview mirror of the truck on 20 November 1980. The determinative question, therefore, is whether the state offered substantial evidence that the fingerprint could only have been placed on the mirror at the time of the larceny of the truck.

The sufficiency of fingerprint evidence to withstand a motion to dismiss has been considered by our Supreme Court in numerous cases. *See, e.g., State v. Scott*, 296 N.C. 519, 251 S.E. 2d 414 (1979); *State v. Irick*, 291 N.C. 480, 231 S.E. 2d 833 (1977); *State v. Miller*, 289 N.C. 1, 220 S.E. 2d 572 (1975). Justice Huskins stated the applicable principles in *State v. Miller*, 289 N.C. 1, 4, 220 S.E. 2d 572, 574 (1975):

> These cases establish the rule that testimony by a qualified expert that fingerprints found at the scene of the crime correspond with the fingerprints of the accused, when accompanied by substantial evidence of circumstances from which the jury can find that the fingerprints could only have been impressed at the time the crime was committed, is sufficient to withstand motion for nonsuit and carry the case to the jury. The soundness of the rule lies in the fact that such evidence logically tends to show that the accused was present and participated in the commission of the crime.
>
> What constitutes substantial evidence is a question of law for the court. What the evidence proves or fails to prove is a question of fact for the jury. *State v. Stephens*, 244 N.C. 380, 93 S.E. 2d 431 (1956).

Circumstantial evidence that the fingerprint could only have been impressed at the time the crime was committed comes in several different forms. *See* Annot., 28 A.L.R. 2d 1115, 1154-57 (1953); *Scott, supra.* When a defendant takes the stand and denies that he was ever at the scene of the crime, his inability to offer a plausible explanation of the presence of his fingerprints is some evidence of guilt. Coupled with the appearance of his fingerprints at the scene, it may be enough to send the case to the jury. *Miller, supra.*

The defendant did not testify, but evidence for the state and defendant indicates that defendant and his mother were in the Grindle home on the morning of 18 November 1980. Although the truck was not on the premises at the time defendant was in the Grindle home, an ignition key to the truck was evidently in the kitchen. Grindle had two sets of keys for his truck. He had never seen the defendant before the theft. Defendant's evidence established an alibi as his defense. There was no evidence of forcible entry into Grindle's home or that his truck had been "straight wired" in order to start it.

All the evidence, therefore, leads to the logical and permissible inference that defendant's fingerprint could only have been impressed on the truck at the time of the robbery. All the evidence shows that defendant never had any contact with the truck except at the time of the robbery.

When considered in the light most favorable to the state, the evidence is sufficient to support jury findings that: (1) the fingerprint lifted from the inside mirror of the truck was the defendant's fingerprint; (2) this fingerprint was placed there by defendant at the time alleged in the bill of indictment; and (3) the defendant was the person who committed the crime charged in the bill. *State v. Jackson*, 284 N.C. 321, 200 S.E. 2d 626 (1973). The evidence satisfies the rule of *Miller, supra*, and the case was properly presented to the jury.

We find no merit in defendant's contentions that the fingerprint evidence was improperly allowed into evidence, *State v. Foster*, 284 N.C. 259, 200 S.E. 2d 782 (1973), or that the witness Sipe was not properly qualified as an expert in the field of fingerprint identification, 1 Stansbury's N.C. Evidence § 133 (Brandis rev. 1973).

No error.

Judge WHICHARD concurs.

Judge MARTIN (Robert M.) dissents.

Judge MARTIN (Robert M.), dissenting.

I cannot agree that on this record the State has produced substantial evidence that defendant's fingerprint could only have been impressed on James Grindle's truck at the time of the crime. This is not a case where defendant took the stand and denied that he was ever at the scene of the crime. *See, State v. Miller*, 289 N.C. 1, 220 S.E. 2d 572 (1975). In the present case, defendant did not testify. The court is not permitted to infer from defendant's silence that his fingerprint could only have been impressed upon the mirror during the commission of the crime. *State v. Scott*, 296 N.C. 519, 251 S.E. 2d 414 (1979). Neither the court nor the jury may draw any inference from the election by the defendant not to testify in his own behalf. *State v. Cutler*, 271 N.C. 379, 156 S.E. 2d 679 (1967).

The only evidence in this case tending to show when the fingerprint could have been impressed was the testimony of James Grindle, the owner of the truck, that he had "never seen Mr. Strange before." Mr. Grindle testified that the truck was unlocked the day it was stolen and nothing in the record indicates that the truck was ever locked. Both police officers who testified as expert witnesses on the fingerprint evidence could not give any opinion as to *when* the fingerprint was impressed on the mirror.

On its facts, this case is similar to *State v. Scott, supra*, in which the defendant was charged with murder and attempted robbery. There the defendant's thumbprint was found on a metal box where the victim's family kept its valuables. The victim's niece, who lived with him, testified that the defendant had never been in the house. The court held that defendant's motion to dismiss should have been allowed, because the niece worked outside the home five days per week and her testimony did not substantially exclude the possibility that defendant might have visited the house during the niece's absence for some lawful or unlawful purpose in the weeks preceding the murder.

Similarly in the present case, the fact that Mr. Grindle had never seen the defendant does not constitute substantial evidence that defendant's fingerprint could only have been imprinted on the mirror during the larceny of the truck. Mr. Grindle was in no position to personally know every time anyone entered his unlocked truck. There was no additional evidence of defendant's guilt. *See, State v. Jackson,* 284 N.C. 321, 200 S.E. 2d 626 (1973); *State v. Foster,* 282 N.C. 189, 192 S.E. 2d 320 (1972).

In the light of all these facts, I am constrained to hold that the evidence was insufficient to withstand a motion to dismiss. The burden is not upon the defendant to explain the presence of his fingerprint but upon the State to prove his guilt. I must conclude that the evidence introduced in the present case "is sufficient to raise a strong suspicion of the defendant's guilt but not sufficient ot remove that issue from the realm of suspicion and conjecture." *State v. Cutler, supra,* at 383, 156 S.E. 2d 682. For the foregoing reasons the trial court should have allowed defendant's motion to dismiss.