STATE OF NORTH CAROLINA v. WILLIAM PAUL MARLOW

No. 8223SC621

(Filed 15 March 1983)

1. **Criminal Law § 91— statutory speedy trial—absence of formal joinder for trial—exclusion of time for co-defendant—time not excluded for defendant**

    Where cases against defendant and a co-defendant had not been formally joined for trial during a time when the co-defendant was unavailable for trial because of pregnancy, the trial judge erred in excluding such time from the statutory speedy trial period for the commencement of defendant's trial. G.S. 15A-701(b)(6).

2. **Criminal Law § 92— statutory speedy trial—exclusion of delay for co-defendant—denial of motion for joinder to protect defendant's rights**

    If it was correct for the trial court to exclude delay· caused by a co-defendant's pregnancy from the statutory speedy trial period, it would have been necessary for the court to deny the State's motion for joinder of the cases against defendant and the co-defendant in order to protect defendant's rights to a speedy trial. G.S. 15A-927(c)(2)a.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 12 February 1982 in WILKES County Superior Court. Heard in the Court of Appeals 17 January 1983.

On 18 March 1981, defendant was arrested under a warrant charging him with the murder of Dennis Wyatt. On 14 September

1981, defendant was charged in an indictment for the murder of Wyatt. Defendant remained in custody until his trial, which began on 8 February 1982.

When defendant's case was called for trial, on 8 February 1982, the following pertinent events took place. Defendant's pending motion to have the charges against him dismissed for lack of a speedy trial was brought to the attention of the trial court. Defendant asserted both constitutional and statutory grounds. Defendant then presented evidence showing that his trial was delayed beyond 12 January 1982, the last day of the 120 day period required under G.S. 15A-701(a1)(1), that none of the delay was caused by defendant and that there had been five weeks of criminal court in the Superior Court for Wilkes County between 14 October 1981 and 8 February 1982, the last one of which terms began on 14 December 1981. Following defendant's evidence on the motion, the following exchange took place between the trial court, defendant's counsel, Mr. Evans, the District Attorney, Mr. Ashburn, and Mr. Freeman, counsel for Tena Marion,

> The Court: Of course, this client—this defendant's case was a companion case to the motion I just heard on the continuance of Ms. Marion and two other co-defendants; is that correct?
>
> Mr. Evans: Yes, sir; that is correct.
>
> The Court: Now, this defendant is charged along with three other co-defendants; is that correct?
>
> Mr. Ashburn: Yes, sir, your Honor, correct.
>
> The Court: And, of course, one of the co-defendants had a baby the 1st of January and was not able to be tried in December.
>
> Mr. Evans: Your Honor, I object to that.
>
> Mr. Freeman: We contend that we were ready to try it in December.
>
> The Court: What do you say to that Mr. District Attorney?
>
> Mr. Ashburn: Yes, sir, I talked to counsel for defendants who—at sometime prior to that I believe—that we talked also about her being pregnant and I told them that I wasn't

going to try a pregnant woman in front of a jury on accessory after the fact and be responsible for what might happen to her. The indications were that it was not long off that she would be delivering a child. I did that—well.

Following further exchanges and arguments by defendant's counsel, the trial court found, in pertinent part, "that one of the co-defendants, Tena Lynn Marion, was pregnant and expecting to give birth to a child sometime in January, 1982, and did deliver the child January the 1st, 1982; that the District Attorney did not feel that the pregnant defendant was able to stand trial during the week of December 14th and did not place the case on the trial calendar . . ." and later concluded, in pertinent part, "that since the date of the indictment, September 14, 1981, that inasmuch as the co-defendant, Tena Marion, was expecting to deliver childbirth, that the time from December 14, 1981 to February the 8th, should be excluded for the reason that the co-defendant was not physically able to appear in court; and the Court further concludes by excluding this time from the date of the indictment the defendant has not been denied his statutory right to a speedy trial. Therefore, the defendant's motion to dismiss is denied."

There then ensued an exchange between Mr. Evans and the Court as to discovery matters, and the sequestering of witnesses, and other matters affecting expected testimony from other "co-defendants." The following exchange then took place:

Mr. Evans: Your Honor, I have a motion to sever, but I'll not argue that motion.

The Court: All right.

Mr. Freeman: I have a motion that I will argue.

The Court: All right. Wait just a minute. Any other motions, Mr. Evans.

Mr. Evans: No, sir.

The Court: I assume the State has made a motion to join them, consolidate them for trial?

Mr. Ashburn: Your Honor, the State does make that motion to join them and consolidate them for trial.

Over defendant's objection, the Court ruled as follows: "I'll grant the State's motion to consolidate the two cases for trial." Upon another motion by the State to also consolidate for trial charges against Ricky Marion, over defendant's objection, the trial court ruled: "Let the three cases be joined for trial and consolidated."

At trial, the State's evidence tended to show that defendant murdered Wyatt by shooting him at the home of Ricky and Tena Marion, and that after the murder of Wyatt, the Marions and another person present at the murder scene aided and assisted in disposing of Wyatt's body in a remote mountain stream.

The jury returned a verdict of guilty of second degree murder. From judgment and sentence entered on the verdict, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Richard L. Kucharski, for the State.*

*Doughton & Evans, by Samuel C. Evans, for defendant.*

WELLS, Judge.

Defendant contends he was denied his statutory right to a speedy trial and that his trial was improperly joined for trial with defendant Tena Marion.

[1] G.S. 15A-701(a1)(1) required that defendant's trial begin within the 120 days of the date of his indictment. G.S. 15A-701(b)(6) allows the trial court to exclude from the 120 day period, "[a] period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." The period may not be excluded unless the co-defendants were formally joined. *State v. Capps and Staton*, 61 N.C. App. 225, 300 S.E. 2d 819 (1983). Since defendant Marlow and Tena Marion were not formally joined as co-defendants between 14 December 1981 and 8 February 1982, the trial judge erred in excluding that period from the 120 days that the State had in which to commence defendant's trial and defendant was entitled to a dismissal under G.S. 15A-703.

[2] While it is not necessary for us to address defendant's joinder argument, under the facts in this case, we deem it appropriate.

State v. Marlow

G.S. 15A-927(c)(2)a, in pertinent part, is as follows:

(c) Objection to Joinder of Charges against Multiple Defendants for Trial; Severance.—

(2) The court, . . . on motion of the defendant . . . must deny a joinder for trial or grant a severance of defendants whenever:

> a. If before trial, it is found necessary to protect a defendant's right to a speedy trial . . .

While ordinarily the decision as to severance or joinder of defendants lies within the sound discretion of the trial judge, *State v. Braxton*, 294 N.C. 446, 242 S.E. 2d 769 (1978), in this case the trial court's findings of fact show that, if it had been correct for the trial court to exclude defendant Marion's delay days, it would have been necessary to deny the State's motion to join co-defendant Tena Marion's trial in order to protect defendant's rights to a speedy trial.

Upon remand, the trial court shall determine whether to order that the charges against defendant be dismissed with or without prejudice. G.S. 15A-703.

Because of the result we have reached, we deem it unnecessary to reach or determine defendant's remaining assignments of error.

For the reasons stated, the judgment entered is vacated and the cause is remanded.

Vacated and remanded.

Chief Judge VAUGHN and Judge BRASWELL concur.