STATE OF NORTH CAROLINA v. THOMAS L. HERBIN

No. 8315SC197

(Filed 1 November 1983)

1. **Criminal Law § 91— delay in arraignment—exclusion from speedy trial period**

    The delay between 20 January 1982, when defendant appeared for arraignment without counsel, and 22 March 1982, when defendant and his court-appointed counsel filed a written waiver of arraignment, was properly excluded from the statutory speedy trial period. G.S. 15A-701(b)(1).

2. **Criminal Law § 138— sentencing—aggravating factor—prior convictions—absence of findings as to indigency and counsel**

    The trial court did not err in finding defendant's past convictions to be aggravating factors in imposing a sentence without making findings as to defendant's indigency and representation by counsel.

APPEAL by defendant from *Battle, Judge.* Judgment entered 14 July 1982 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 25 October 1983.

Defendant was charged in a proper bill of indictment with armed robbery in violation of N.C. Gen. Stat. Sec. 14-87.

Defendant was found guilty as charged and from a judgment imposing a prison sentence of twenty years, he appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Elaine J. Guth, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Ann B. Petersen, for the defendant, appellant.*

HEDRICK, Judge.

[1]  Defendant first assigns as error the trial court's denial of his motion to dismiss the charges on the basis of a violation of the Speedy Trial Act provisions of N.C. Gen. Stat. Sec. 15A-701. N.C. Gen. Stat. Sec. 15A-701(a1) requires the defendant's trial to begin within 120 days from the date of arrest, service with criminal process, waiver of indictment, or indictment, whichever occurs last. N.C. Gen. Stat. Sec. 15A-701(b) lists various time periods which may be excluded when computing the 120 days.

The defendant has the burden of showing that his trial was held beyond the time limits specified in N.C. Gen. Stat. Sec. 15A-701. The State then has the burden of going forward with evidence that a portion of the time is excludable. N.C. Gen. Stat. Sec. 15A-703. The defendant met his burden when he filed motions to dismiss the charges, for violation of the Speedy Trial Act, on 9 April 1982 and on 10 June 1982.

A hearing was conducted on the motions, and an order entered on 10 July 1982. The order contained the following findings of fact and conclusions of law:

1. The Alamance County Grand Jury returned a True Bill of Indictment on December 7, 1981, charging the Defendant with the crime of Armed Robbery.

2. Notice of return of the Indictment was served on Defendant on December 8, 1981, at the hospital at Central Prison.

3. Defendant was present in Alamance Superior Court on January 20, 1982, for purposes of Arraignment, and advised the Court that he did not wish to have Court-appointed Counsel, that he expected an attorney from Henderson, N.C., to

represent him in the trial of these charges, that he did intend to have Counsel; and the Honorable Maurice Braswell signed an entry in the file that Defendant had been advised of his rights to appointed Counsel and stated that he did not want appointed Counsel but refused to sign a waiver of Counsel. Defendant was not arraigned at this time.

4. Defendant was present in Alamance County Superior Court on February 22, 1982, at which time he again advised the Court he did not have an attorney, but expected that an attorney from Henderson, N.C., would be representing him. After further advice by Judge Braswell, Defendant signed an application for court-appointed Counsel, and Nelson Richardson, Esq., of the Alamance County Bar was appointed to represent Defendant. Again, Defendant was not arraigned at this time.

5. The next regularly-scheduled arraignment session for Alamance Superior Court after February 22, 1982, was on March 22, 1982, at which time the Defendant and his counsel filed a written waiver of arraignment and entered a plea of not guilty.

6. On May 11, 1982, Nelson Richardson, Esq., filed a motion to be allowed to withdraw as Counsel for Defendant, which motion was heard on May 12, 1982, and allowed, the Court then appointed Frederick J. Sternberg, Esq., of the Alamance County Bar to represent Defendant.

7. On May 17, 1982, Defendant through Counsel, moved to have the trial of his case postponed so that Counsel would have time to prepare for trial, and an Order was entered continuing the trial to July 12, 1982 and excluding from the Speedy Trial computation all time between May 13, 1982 and July 12, 1982.

8. That 120 days from December 8, 1981, nothing else appearing would have expired on April 7, 1982; that the 120 days did begin to run on December 8, 1981, the date the notice of return of indictment was served on Defendant.

9. The time from January 20, 1982 until March 22, 1982 should properly be excluded from the running of the Speedy

Trial computation, as "Delay resulting from other proceedings concerning the defendant within the meaning of G.S. 15A-701(b) as construed by the North Carolina Court of Appeals in *State v. Rogers*, 49 N.C. App. 337 (1980), in that the Defendant could not be tried prior to arraignment, and arraignment was delayed as the State was waiting for defendant to secure Counsel for his defense.

10. The period from January 20, 1982 until March 22, 1982, totals 61 days, which when added to the nominal expiration date of April 7, 1982 extends the Speedy Trial expiration date to June 7, 1982, or 26 days beyond the start of the period excluded by the continuance order dated May 17, 1982.

ON THE ABOVE FINDINGS OF FACT, THE COURT CONCLUDES that the Defendant's motion for dismissal for failure to give defendant a speedy trial should be, and it hereby is, denied.

Defendant excepted to finding number 9 and to the conclusion of the court. Defendant concedes, in his brief, that the time from 20 January 1982 until 22 February 1982 was properly excluded, but contends that the period from 22 February 1982 until 22 March 1982 was improperly excluded. Defendant argues that once counsel was appointed to represent him, the 120 day period again began to run. We disagree.

N.C. Gen. Stat. Sec. 15A-701(b)(1) allows the exclusion of "[a]ny period of delay resulting from other proceedings concerning the defendant. . . . The period of delay under this subdivision must include all delay from the time a motion or other event occurs that begins the delay until . . . the event causing the delay is finally resolved." The event that caused the delay in defendant's trial was arraignment. The delay commenced on 20 January 1982, when defendant appeared for arraignment without counsel, and the event was not finally resolved until a waiver of arraignment was filed on 22 March 1982. The time period from calendaring of a case for arraignment to the completion of arraignment is properly excluded under N.C. Gen. Stat. Sec. 15A-701(b)(1). *State v. Capps*, 61 N.C. App. 225, 300 S.E. 2d 819 (1983). Therefore, the time from 20 January 1982 until 22 March 1982 was properly excluded. The assignment of error is overruled.

[2] The defendant next seeks review of his sentence, alleging that the trial court improperly found his past convictions to be aggravating factors. Defendant failed to note in the record his exceptions to the trial court's finding of aggravation or to the sentence imposed, but urges review under Rule 2 of the North Carolina Rules of Appellate Procedure. Defendant's argument is based upon the holdings of this Court in *State v. Thompson*, 60 N.C. App. 679, 300 S.E. 2d 29 (1983), and *State v. Farmer*, 60 N.C. App. 779, 299 S.E. 2d 842 (1983). The Supreme Court of North Carolina modified the holding of *State v. Thompson*, 60 N.C. App. 679 in an opinion filed 27 September 1983. This modification renders defendant's assignment of error meritless. *See State v. Thompson*, 309 N.C. 421, 307 S.E. 2d 156 (1983).

No error.

Judges ARNOLD and BECTON concur.