STATE OF NORTH CAROLINA v. CURTIS LEE BRADLEY

No. 833SC193

(Filed 6 December 1983)

1. **Burglary and Unlawful Breakings § 5.5— felonious breaking and entering—sufficiency of evidence**

    In a prosecution for felonious breaking and entering, the evidence was sufficient to survive defendant's motion to dismiss where the evidence tended to show that a palm print was extracted from the crime scene which matched defendant's; an accountant in the firm broken into testified that he had never before seen defendant in the building; the window on which defendant's print was found led to the firm's computer room, not open to the general public, other than the accountant and staff employees; and defendant had never been employed by the accounting firm.

**2. Burglary and Unlawful Breakings § 6; Criminal Law § 60.5— felonious breaking and entering—failure to instruct on limited circumstances under which palm print evidence sufficient to support conviction—error**

In a prosecution for felonious breaking and entering, the trial court committed prejudicial error by failing to instruct the jury as to the limited circumstances under which palm print evidence would be sufficient to support a conviction since defendant properly requested such an instruction and since the State relied primarily on fingerprint evidence to prove defendant's guilt.

APPEAL by defendant from *Reid, Judge.* Judgment entered 24 September 1982 in Superior Court, CRAVEN County. Heard in the Court of Appeals 24 October 1983.

Defendant was charged with felonious breaking and entering and felonious larceny. After a jury trial, defendant was found guilty of felonious breaking and entering, not guilty of felonious larceny, and was sentenced to a term of six years.

The State's evidence tended to show: Some time between 6:00 p.m. on 17 June 1982 and the early morning hours of 18 June 1982, someone broke into an accounting office on Pollock Street, in New Bern, North Carolina, and stole a television set, a radio, and an adding machine. The television set was a bulky console, which would have required two people to carry and lift.

At around 2:00 a.m. on 18 June 1982, Police Captain James McConnor observed defendant and one David Buck standing on a street corner about two and a half blocks from the accounting office broken into. David Buck was wearing knickers and a white cap.

Also at around 2:00 a.m. on 18 June, one Guy Boyd was awakened by the barking of his dog and looked out his window. He observed two men, trying to avoid being seen by passing automobiles. One of these men had on knickers and a cap.

Some time on 18 June, Police Officer Kirby Wetherington discovered the television set, radio and adding machine near Boyd's home. After searching the area, Officer Wetherington discovered that the back window of the accounting office had been broken, that a brick lay on the floor next to the window, and that the doors had been opened. He observed items scattered around the office and an impression left on the rug where there had once been a television set.

Investigative Sergeant Donald Sykes was shown the broken window, from which he extracted a latent print. The print was sent to Mr. Robert Duncan, a latent print examiner for the SBI in Raleigh. Investigator Duncan was qualified as an expert, specializing in the field of identifying latent prints after comparison with prints of known suspects. Investigator Duncan found that the palm print on the windowpane matched defendant's. On cross examination, he testified that under ideal conditions, the palm print could have remained on the window for six months.

The property stolen from the accounting office belonged to Mr. Walter Paramore, an accountant. Mr. Paramore testified that he did not know defendant, that defendant had never been a client, and that he had seen defendant before, but never in the building. The broken window led to the office computer room, and Mr. Paramore testified that the computer room was open only to the accountants and staff employees. Defendant had never been employed by the office. The only people with keys to the office were Mr. Paramore, his three accounting partners, and one other employee. On cross examination, Mr. Paramore testified that from January to May his partners worked at night regularly and that, therefore, persons may have been admitted to the building whom he did not personally see.

Defendant offered no evidence.

*Attorney General Edmisten, by Lucien Capone, III, Assistant Attorney General, for the State.*

*Ann B. Petersen, Assistant Appellate Defender, for the defendant appellant.*

VAUGHN, Chief Judge.

[1] Defendant, in his first argument, contends that the evidence was insufficient to withstand his motion to dismiss.

On a motion to dismiss, the evidence must be viewed in the light most favorable to the State, with the State receiving the benefit of every reasonable inference to be drawn therefrom. *State v. Powell,* 299 N.C. 95, 261 S.E. 2d 114 (1980). If there is sufficient evidence that the offenses charged were committed and that defendant was the perpetrator, then the motion is properly denied. *State v. Calloway,* 305 N.C. 747, 291 S.E. 2d 622 (1982);

*State v. Powell, supra.* It is immaterial whether the evidence is direct, circumstantial, or both. *State v. Scott,* 296 N.C. 519, 251 S.E. 2d 414 (1979). In light of the foregoing, defendant's motion was properly denied.

There is no question in this case that a crime was committed. The question, then, is defendant's guilt, which the State attempted to prove primarily through the use of fingerprint evidence. Robert Duncan, a qualified fingerprint expert, testified that the palm print on the window matched defendant's. The rule in a case involving fingerprint evidence is that a motion for dismissal or nonsuit is properly denied if, in addition to testimony by a qualified expert that the fingerprints at the scene of the crime match those of the accused, there is substantial evidence of circumstances from which a jury could find that the fingerprints were impressed at the time the crime was committed. *State v. Scott, supra; State v. Miller,* 289 N.C. 1, 220 S.E. 2d 572 (1975). What is substantial evidence is a question of law for the Court; what the evidence proves or not is a question for the jury. *State v. Scott, supra.*

In this case, there was substantial evidence from which a jury could find that defendant's print had been impressed at the time of the crime. Mr. Paramore, an accountant in the firm broken into, testified that he had never before seen defendant in the building. The window on which defendant's print was found led to the firm's computer room, not open to the general public, other than the accountants and staff employees. Defendant had never been employed by the accounting firm. The circumstances in this case are sufficient to support a reasonable inference and submit the question of defendant's guilt to the jury. We find much support for our position. *See, e.g., State v. Tew,* 234 N.C. 612, 68 S.E. 2d 291 (1951); *State v. Reynolds,* 18 N.C. App. 10, 195 S.E. 2d 581 (1973); *State v. Blackmon,* 6 N.C. App. 66, 169 S.E. 2d 472 (1969).

Defendant cites *State v. Scott, supra,* in support of his position that there was insufficient evidence to withstand his motion. Such case is, however, distinguishable. In *State v. Scott,* defendant's palm print was found in a room where a family business had been conducted. Although the State's witness in that case testified that she had never seen defendant, she had never been

home during regular business hours. The evidence in *State v. Scott* showed that the defendant could have been in the room for a lawful business purpose. The evidence in the case *sub judice*, on the other hand, indicates no lawful reason why defendant might have been in the firm's computer room. *See State v. Reynolds*, *supra*.

[2] Defendant next contends that the trial court erred by failing to instruct the jury as to the limited circumstances under which the palm print evidence would be sufficient to support a conviction, after defendant had requested such instruction in writing. We agree with defendant and find that the trial court's failure to instruct was prejudicial error.

During a jury conference, defendant requested an instruction to the effect that fingerprints corresponding to those of the accused were without probative force unless the circumstances showed that they could have only been impressed at the time the crime was committed. Defendant's requested instruction concerned a subordinate feature of the case since it did not relate to elements of the crime itself nor to defendant's criminal responsibility therefore. *State v. Lester*, 289 N.C. 239, 221 S.E. 2d 268 (1976). Absent defendant's request, the jury instructions would have been entirely proper since a Court is not required to give instructions on subordinate features of a case. *Id.* When a requested instruction, however, is correct in law and supported by the evidence, the Court must give the instruction in substance. *State v. Monk*, 291 N.C. 37, 229 S.E. 2d 163 (1976). The requested instruction in the instant case was a correct application of the law to the evidence.

The State relied primarily on fingerprint evidence to prove defendant's guilt. Defendant was entitled to have the jury instructed on the probative value of such evidence. The failure to so instruct constituted prejudicial error, entitling defendant to a new trial.

We note, finally, that the assistant district attorney initially assigned to prosecute the case was the son of the victim, Mr. Paramore. In light of the possibility of the appearance of a conflicting self-interest in prosecuting defendant, it was proper that the assistant district attorney recused himself. We suggest that someone else represent the State at defendant's new trial.

New trial.

Judges WELLS and JOHNSON concur.