STATE OF NORTH CAROLINA v. SHERRY LYNN ALSTON

No. 8618SC4

(Filed 17 June 1986)

**1. Constitutional Law § 30— material statements by witness—pretrial discovery precluded**

There was no merit to defendant's contention that the trial court erred in denying her motion to dismiss for failure of the State to disclose inconsistent statements by the victim of an armed robbery and assault, since the N.C. Supreme Court has interpreted N.C.G.S. §§ 15A-903 and 904 as precluding *pretrial* discovery by a defendant of material statements made by proposed or potential witnesses for the State.

**2. Criminal Law § 119— fingerprint evidence—requested instruction not given—error**

In light of defendant's denial of participation in an armed robbery and assault, her alibi, and her alibi supporting witness, it cannot be said that fingerprint evidence was unlikely to have influenced the jury's verdict; therefore, the trial court erred in failing to give in substance defendant's requested instruction on fingerprint evidence having to do with the time of impression.

APPEAL by defendant from *Washington, Judge.* Judgment entered 18 April 1985 in GUILFORD County Superior Court. Heard in the Court of Appeals 13 May 1986.

Defendant was convicted of robbery with a dangerous weapon and assault with a deadly weapon with intent to kill, inflicting serious injury.

At trial, evidence for the State tended to show the following events and circumstances. On the evening of 3 August 1984, Tate

Alvin Stewart was working at the Spring Valley Curb Market in Greensboro. At about 11:30 p.m., defendant Sherry Lynn Alston, whom Stewart had known for about twelve years and who was a frequent visitor to the store, came into the store and engaged in conversation with Stewart for about ten minutes. Defendant told Stewart where some good "pot" could be obtained, but needed Stewart's help in finding the person's house. The two agreed that when Stewart closed the store, he would meet defendant at a Wendy's restaurant. Defendant stated that she would be driving a 1974 blue Monte Carlo automobile. Stewart closed the store at about midnight, placed the day's receipts of approximately $1,700.00 in the trunk of the car and proceeded to meet defendant at the agreed place. Stewart followed defendant out of Greensboro on Old Randleman Road. Defendant stopped once and told Stewart she was lost; Stewart then told defendant to proceed in the direction they were going. They proceeded to an overpass under U.S. Highway 220 where defendant again stopped her car. When Stewart stopped, defendant told Stewart that her front end was shaking. Stewart got out of his car and while he was examining defendant's front tires, defendant approached him and shot him twice, striking him in the chest and leg. Defendant then took the keys from Stewart's car and took his wallet from the console of the car. Defendant opened the trunk of Stewart's car, removed the bag containing the store receipts and asked Stewart how to open the bag. When Stewart failed to respond, defendant shot him again. Stewart then attempted to escape and defendant shot him again. When Stewart fell, feigning death, defendant approached him, shot him again and then, putting the gun to his head, pulled the trigger three more times, the gun misfiring on those attempts. Defendant then left in the direction of Greensboro. Stewart attempted to make his way to a nearby trailer; defendant returned and attempted to force Stewart into her car, struggling with him. At this point, a passing motorist stopped to render assistance and defendant drove away.

When the robbery was investigated by officers from the Guilford County Sheriff's Department, Stewart informed them that defendant shot and robbed him. A search of defendant's residence disclosed Stewart's wallet and several unspent .32 caliber bullets. No weapon was found. Defendant's fingerprints were found on the trunk of Stewart's car. Upon defendant's arrest, she denied knowledge of the robbery.

Defendant testified, presenting alibi evidence. Other witnesses corroborated defendant's alibi. Defendant also testified that she had taken Stewart's wallet from his car while it was parked at the store early in the evening of 3 August.

From judgments entered on the jury's verdicts, sentencing defendant to presumptive terms of fourteen years and six years respectively, defendant has appealed.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Randy Meares, for the State.*

*Stephen S. Schmidly, P.A., for defendant-appellant.*

WELLS, Judge.

[1] In one of her assignments of error, defendant contends that the trial court erred in denying defendant's motion to dismiss, or in the alternative, for a mistrial, for the failure of the State to disclose evidence in its possession favorable to defendant. Defendant's argument focuses on two separate statements given by Stewart to officers of the Guilford County Sheriff's Department. Both statements clearly implicate and identify defendant as the person who assaulted and robbed him, but Stewart's first statement differs from his second (and from his trial testimony) as to the circumstances under which he encountered defendant on the night of the robbery. In a pre-trial motion, defendant requested that the State disclose to defendant any inconsistent statements made by witnesses for the State. Defendant was furnished or obtained the gist of Stewart's first statement, but was not furnished his second statement which was the one consistent with his trial testimony. Defendant's motion was made pursuant to the provisions of N.C. Gen. Stat. §§ 15A-954(a)(4) and 15A-1061 (1983).

G.S. 15A-954(a)(4) provides:

(a) The Court on motion of the defendant must dismiss the charges stated in a criminal pleading if it determines that:

. . .

(4) The defendant's constitutional rights have been flagrantly violated and there is such irreparable prejudice to the defendant's preparation of his case that there is no remedy but to dismiss the prosecution.

G.S. 15A-1061 provides:

> Upon motion of a defendant or with his concurrence the judge may declare a mistrial at any time during the trial. The judge must declare a mistrial upon defendant's motion if there occurs during the trial an error or legal defect in the proceedings . . . resulting in substantial and irreparable prejudice to defendant's case. . . .

Defendant argues that the failure of the State to disclose Stewart's second statement violated her rights to due process, relying on the opinion of the United States Supreme Court in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1963) and *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed. 2d 342 (1976). The opinion of our Supreme Court in *State v. Hardy*, 293 N.C. 105, 235 S.E. 2d 828 (1977), in which *Brady* and *Agurs* were reviewed and considered, interprets our criminal discovery statutes, N.C. Gen. Stat. §§ 15A-903 and 904 (1983) to preclude *pre-trial* discovery by a defendant of material statements made by proposed or potential witnesses for the State. Defendant here makes no argument that she was denied the use of Stewart's inconsistent statements at trial and we note that in his testimony Stewart freely admitted that his two statements were inconsistent, even explaining that he "lied" in some ways in his initial statement. We hold that defendant was not entitled to *pre-trial* discovery of Stewart's statements and that the trial court correctly denied defendant's motions to dismiss and for mistrial. This assignment is accordingly overruled.

[2] In two other assignments of error defendant contends that the trial court erred in failing to give requested instructions to the jury. First, defendant requested that the trial court give a special instruction on fingerprint evidence, which the trial court denied. The requested instruction was as follows:

> Ladies and Gentlemen of the jury, the State has offerred [sic] evidence that the fingerprints of Sherry Lynn Alston were found on the trunk lid of the vehicle operated by Tate Alvin Stewart the night of the alleged crime. I instruct you that fingerprints corresponding to those of Sherry Lynn Alston are without probative force and cannot be considered by you as my [sic] evidence against the defendant, Sherry Lynn Alston, unless the circumstances are such that the finger-

prints of Sherry Lynn Alston could have been impressed on the trunk lid of the vehicle being operated by Tate Alvin Stewart at the time the alleged crimes were committed. The burden of proof is on the State of North Carolina to establish that the circumstances were such that the fingerprints of Sherry Lynn Alston could have been so impressed only at the time of the commission of the alleged crimes, and if after considering all the evidence, you have a reasonable doubt as to whether the fingerprints of Sherry Lynn Alston could have only been impressed on the trunk lid of the vehicle operated by Tate Alvin Stewart at the time of the commission of the alleged crimes, then it would be your duty to not consider the fingerprint evidence at all in determining whether the State has proven the guilt of Sherry Lynn Alston to the alleged crimes charged beyond a reasonable doubt.

While the requested instruction may not be entirely correct in itself, *State v. Monk*, 291 N.C. 37, 229 S.E. 2d 163 (1976), we find it to be substantially correct in itself. We also find it to be supported by the evidence. Through the testimony of two police witnesses the State showed that fingerprints matching defendant's were lifted from the trunk lid of Stewart's car during investigation of the robbery soon after it occurred. Under these circumstances, it was the duty of the trial court to give the requested instruction in substance, which the trial court did not do. *Monk, supra; State v. Bradley*, 65 N.C. App. 359, 309 S.E. 2d 510 (1983). In fact, in its charge, the trial court never alluded to the fingerprint evidence. In the light of defendant's denial of participation in the assault upon and robbery of Stewart, her alibi and her alibi supporting witness, we cannot say that the fingerprint evidence was not likely to have influenced the jury's verdict and we must therefore conclude that it was prejudicial error for the trial court to refuse to give the requested charge in substance.

Second, defendant contends that the trial court erred in failing to give in substance defendant's requested instruction on identification of defendant as the perpetrator. Defendant requested that the trial court give the identification instruction contained in N.C.P.I.—Crim. Sec. 104.90 (1984). Our review of the instructions given persuades us that the trial court gave such instruction in substance. This assignment is overruled.

Finally, defendant contends that the trial court erred in expressing opinions on defendant's guilt during the jury instruction. We disagree and overrule this assignment.

For the reasons stated, there must be a

New trial.

Judges ARNOLD and BECTON concur.