STATE OF NORTH CAROLINA v. JAMES CHARLES HOLMAN

No. 8923SC73

(Filed 20 June 1989)

1. **Criminal Law § 101.1— statement by prospective juror— denial of mistrial—failure to poll jurors—no error**

   In a prosecution for taking indecent liberties with a child, the trial court did not abuse its discretion in denying defendant's motion for a mistrial without polling each juror to determine the effect, if any, on each one from a statement by a

prospective juror that if someone did this (commit the offense of indecent liberties) to one of her children, "they would be trying [her] for murder."

**2. Rape and Allied Offenses § 19— assault on child—no lesser offense of taking indecent liberties**

> Assault on a child under the age of twelve years is not a lesser included offense of taking indecent liberties with a child, since assault is an essential element of the former, but not the latter.

APPEAL by defendant from *Briggs, Judge*. Judgment entered 28 July 1988 in Superior Court, ASHE County. Heard in the Court of Appeals 12 June 1989.

Defendant was charged in a proper bill of indictment with taking indecent liberties with a child in violation of G.S. 14-202.1. He was found guilty as charged and sentenced to five years in prison. Defendant appeals.

*Attorney General Thornburg, by Assistant Attorney General David M. Parker, for the State.*

*Sherrie R. Hodges for defendant-appellant.*

EAGLES, Judge.

[1] Defendant first argues the trial court erred by denying his motion for a mistrial because "a statement made by a prospective juror during jury selection was highly prejudicial to [him] and resulted in substantial and irreparable harm to [his] case." In this case, a prospective juror stated that if someone did this (i.e., commit the offense of indecent liberties) to one of her children, "they would be trying [her] for murder." The prospective juror was immediately excused and the trial court instructed the remaining prospective jurors to disregard the statement. At the time of the incident, no evidence had been presented. Defendant's motion for mistrial was subsequently denied. Defendant contends each juror should have been polled to determine the effect of the statement.

The trial court's decision on a motion for mistrial is largely within the trial court's discretion and its ruling is not reviewable in the absence of abuse of discretion. *State v. Loren*, 302 N.C. 607, 612, 276 S.E. 2d 365, 368 (1981). The trial court had a duty to determine whether substantial or irreparable prejudice to de-

fendant resulted from the prospective juror's statement. *State v. Pollock*, 50 N.C. App. 169, 273 S.E. 2d 501 (1980); G.S. 15A-1061. The trial court had the best opportunity to observe the effect of the statement, if any, on the members of the jury pool. We note that defendant did not request the right to examine the jurors. We cannot say the trial court abused its discretion by not polling each juror. Defendant's argument is meritless.

[2] Defendant's second argument is that the trial court erred by failing to submit to the jury the offense of assault on a child under the age of 12 years. Defendant contends that assault on a child is a lesser included offense of taking indecent liberties with a child. We disagree.

"When a defendant is indicted for a criminal offense, he may be convicted of the charged offense or a lesser included offense when the greater offense charged in the bill of indictment contains all of the essential elements of the lesser, all of which could be proved by proof of the allegations in the indictment." *State v. Banks*, 295 N.C. 399, 415-16, 245 S.E. 2d 743, 754 (1978). G.S. 14-202.1 provides in pertinent part:

(a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:

(1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or

(2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

One is guilty of misdemeanor assault on a child if he "[a]ssaults a child under the age of 12 years." G.S. 14-33(b)(3). This crime obviously has an essential element which is not also an essential element of taking indecent liberties with a child — that is, an assault.

An assault is defined as "an intentional offer or attempt by force or violence to do injury to the person of another." *State v. Thompson*, 27 N.C. App. 576, 577, 219 S.E. 2d 566, 568 (1975), *cert. denied*, 289 N.C. 141, 220 S.E. 2d 800 (1976). A broader defi-

nition of assault is a "show of violence causing a reasonable apprehension of immediate bodily harm." *Id.*, citing *State v. Allen*, 245 N.C. 185, 95 S.E. 2d 526 (1986). Neither definition of assault constitutes an essential element of G.S. 14-202.1. No touching is required. *State v. Turman*, 52 .N.C. App. 376, 278 S.E. 2d 574 (1981). A defendant does not have to be in close proximity to the victim. *State v. Strickland*, 77 N.C. App. 454, 335 S.E. 2d 74 (1985). Evidence of taking indecent liberties with children has been deemed sufficient when a defendant took photographs of a nude child, *State v. Kistle*, 59 N.C. App. 724, 297 S.E. 2d 626 (1982), *cert. denied*, 307 N.C. 471, 298 S.E. 2d 694 (1983), and when a defendant exposed himself to a victim, *State v. Hicks*, 79 N.C. App. 599, 339 S.E. 2d 806 (1986).

Clearly, assault is not an essential element of taking indecent liberties with a child. Since assault is an essential element of the crime of assault on a child under the age of 12 years, this offense cannot be a lesser included offense of taking indecent liberties with a child. Defendant's argument is without merit.

We hold defendant had a fair trial, free from prejudicial error.

No error.

Judges JOHNSON and ORR concur.