STATE OF NORTH CAROLINA v. BOBBY RAY WILLIAMS

No. 883SC1204

(Filed 19 September 1989)

## 1. Burglary and Unlawful Breakings § 5.5; Criminal Law § 60.5 — fingerprint evidence — sufficiency of evidence of felonious breaking or entering

The evidence with regard to the presence of defendant's fingerprints on both sides of a window to a stranger's room in which there was no apparent reason for his presence and from which a television had recently been taken was sufficient to support his conviction of felonious breaking or entering.

## 2. Criminal Law § 116 — request for instruction on defendant's silence — requested instruction given in substance

Defendant's requested instruction that the jury not presume from his silence any admission that his fingerprints were impressed at the crime scene at the time the crime was committed was given in substance when the court instructed that defendant's decision not to testify should create no presumption against him and that his silence should not influence their decision in any way.

APPEAL by defendant from *Wright (Paul), Judge.* Judgment entered 20 November 1987 in Superior Court, PITT County. Heard in the Court of Appeals 21 August 1989.

The defendant was indicted on 8 September 1987 on charges of first degree burglary, felonious larceny and felonious possession of stolen goods for allegedly stealing a television from the room of a nursing home resident. At trial, the State produced evidence indicating the presence of defendant's thumbprint on a ledge inside the room's window and three of his fingerprints on the aluminum frame of the outside screen. He was convicted on 20 November 1987 by a jury of the lesser included offense of felonious breaking or entering. The trial court sentenced the defendant to an active term of nine years and nine months. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Kaye R. Webb, for the State.*

*Greenville Public Defender Robert L. Shoffner, Jr., by Assistant Public Defender Arthur M. McGlauflin, for defendant-appellant.*

LEWIS, Judge.

I

**[1]** Defendant argues that the court committed reversible error by denying his motion to dismiss all charges against him upon the completion of the presentation of evidence by the State.

> In determining whether to grant a defendant's motion to dismiss, the trial court must consider all the evidence admitted in the light most favorable to the State and decide whether there is substantial evidence of each element of the offense charged and that the defendant committed it.

*State v. McLaurin*, 320 N.C. 143, 146, 357 S.E.2d 636, 638 (1987), *citing State v. LeDuc*, 306 N.C. 62, 74-5, 291 S.E.2d 607, 615 (1982). The evidence is considered substantial if a reasonable mind might accept it as adequate to support a conclusion. *Id., citing State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984). On the other hand, the motion to dismiss should be granted if the evidence produced is sufficient only to raise a suspicion or conjecture as to the commission of the crime or identity of the perpetrator. *State v. McLaurin*, 320 N.C. at 146-7, 357 S.E.2d at 638, *citing State v. LeDuc*, 306 N.C. at 75, 291 S.E.2d at 615 (1982).

We hold that the presence of defendant's fingerprints on both sides of a window to a room in which there was no apparent reason for his presence and from which a television had recently been taken, is evidence sufficient to support a conclusion with respect to the charges against the defendant. In addition, windows are not customary entranceways to rooms. *See State v. Brown, supra.* Defendant's argument on appeal speaks almost exclusively to the fact that the State could not establish that the fingerprints were impressed on the day the television was taken. The rule in a case involving fingerprint evidence is that a motion for dismissal is properly denied if in addition to testimony by a qualified expert that fingerprints at the scene of the crime match those of the accused, there is substantial evidence of circumstances from which a jury could find the fingerprints were impressed at the time the crime was committed. *State v. Bradley*, 65 N.C. App. 359, 309 S.E.2d 510 (1983). Noting the presence of the fingerprints on both sides of the window and expert testimony that the prints were likely impressed within the past few hours, as well as the absence of any other explanation for defendant's entrance to a stranger's

STATE v. WILLIAMS

[95 N.C. App. 627 (1989)]

room through the window, we conclude that the judge did not err in denying the defendant's motion to dismiss. This evidence, though somewhat circumstantial, was substantial and adequate to support a conclusion of guilt when construed in light most favorable to the State and sufficient to support denial of the motion to dismiss. *State v. Scott*, 296 N.C. 519, 251 S.E.2d 414 (1979).

II

[2] Defendant also assigns as error the trial court's rejection of defendant's requested instruction to the jury. The requested instruction read as follows:

> You as members of the jury are not permitted to infer solely from Bobby Ray Williams' silence that his fingerprint, if any, could only have been impressed upon the window ledge and screen frame in Room 123 of the Greenville Villa nursing home during the commission of the crime.

Defendant cites *State v. Bradley, supra,* for the proposition that the court must give a requested instruction in substance when it is correct in law and supported by the evidence. The court did give the following instructions:

> Mr. Williams, in this case, has not testified. The law of North Carolina and the United States gives him this privilege. This same law also assures him that his decision not to testify is to create no presumption against him. Therefore, his silence is not to influence your decision in any way. In fact, you are not to even bring it up in your deliberations in the jury.

> Fingerprints corresponding to those of the defendant, Bobby Ray Williams, are without probative force unless circumstances show that they could only have been impressed at the time the crime was committed. The burden is not upon the defendant to explain the presence of his fingerprints, but upon the State to prove his guilt beyond a reasonable doubt.

When a requested instruction is correct in law and supported by the evidence, the trial court must give the instruction in substance. *Id., citing State v. Monk*, 291 N.C. 37, 54, 229 S.E.2d 163, 174 (1976). While defendant's requested instructions are correct in law, *State v. Scott*, 296 N.C. 519, 251 S.E.2d 414 (1979), the trial court is not required to charge the jury in the exact language requested by the defendant. *State v. Carson*, 80 N.C. App. 620, 625, 343

S.E.2d 275, 278 (1986), *citing State v. Smith*, 311 N.C. 287, 290, 316 S.E.2d 73, 75 (1984). The instructions given were correct.

The defendant bears the burden, when challenging a jury instruction, to show that a different result would have been reached had the requested instruction been given, or at least that the jury was misled or misinformed. *Id.* The defendant has failed to carry this burden. The defendant asked for the jury to be instructed that they not presume from his silence any admission that his fingerprints were impressed at the scene at the time the television was taken. The trial judge instructed the jury that the defendant's decision not to testify should create no presumption against him, and that his silence should not influence their decision in "any way." In our view the import of the requested instruction is covered by the instructions given. Our review of those instructions given by the trial judge in their context in the record leads us to conclude that the requested instructions were given "in substance." *See State v. Monk, supra.* We find no error in the judge's refusal of the requested jury instructions.

No error.

Chief Judge HEDRICK and Judge ORR concur.