STATE v. LOVE

[127 N.C. App. 437 (1997)]

———————————

STATE OF NORTH CAROLINA v. ANTHONY JAMES LOVE

No. COA96-1540

(Filed 16 September 1997)

1. **Criminal Law § 819 (NCI4th Rev.)— lesser included offenses—failure to instruct—error cured by acquittal**

   Defendant's acquittal of second-degree sexual offense rendered harmless any error in the trial court's failure to instruct the jury on the lesser included offenses of assault on a female and simple assault.

2. **Crime Against Nature § 4 (NCI4th)— indecent liberties with child—assault on female not lesser offense**

   Assault on a female is not a lesser included offense of taking indecent liberties with a child because assault on a female contains elements not present in the offense of taking indecent liberties; therefore, the trial court did not err by refusing to instruct on assault on a female as a lesser included offense in a prosecution for taking indecent liberties with a child.

Appeal by defendant from judgment entered 19 April 1996 by Judge Richard B. Allsbrook in Halifax County Superior Court. Heard in the Court of Appeals 11 August 1997.

*Attorney General Michael F. Easley, by Assistant Attorney General Elizabeth L. Oxley, for the State.*

*Michael Lee Frazier for defendant-appellant.*

WYNN, Judge.

Following grand jury indictments on taking indecent liberties with a child and second degree sexual offense, a jury convicted the defendant of only the indecent liberty charge. Thereafter, Judge Richard B. Allsbrook sentenced him to five years imprisonment. Although in this appeal, defendant identifies several assignments of error, he argues only that the trial court erred by denying his request to instruct on the assault on a female and simple assault, both of which he contends are lesser included offenses of second degree sexual offense and taking indecent liberties with a child.[1] We disagree.

[1] At the outset, we note that defendant's acquittal of second degree sexual offense, the greater offense, is tantamount to an acquittal of all possible lesser included offenses. *State v. Beach,* 283 N.C. 261, 270, 196 S.E.2d 214, 220 (1973), *overruled in part on other grounds by State v. Adcock,* 310 N.C. 1, 310 S.E.2d 587 (1984). Therefore, "the jury verdict rendered nonprejudicial the failure of the trial judge to submit . . . lesser included offense[s]." *Id.; see also State v. Berkley,* 56 N.C. App. 163, 287 S.E.2d 445 (1982) (noting that acquittal rendered any error regarding offense harmless). Accordingly, we address defendant's argument only as it pertains to the taking indecent liberties with a child conviction.

It is well established that "the *definitions* accorded the crimes determine whether one offense is a lesser included offense of another crime." *State v. Weaver,* 306 N.C. 629, 635, 295 S.E.2d 375, 378 (1982), *overruled in part on other grounds by State v. Collins,* 334 N.C. 54, 431 S.E.2d 188 (1993). Moreover, "all of the essential elements of the lesser crime must also be essential elements included in the greater crime." *Id.* at 635, 295 S.E.2d at 379.

[2] Here, defendant cites no authority for the proposition that assault on a female is a lesser included offense of taking indecent lib-

_____
1. We omit a detailed recitation of the facts of this case because such facts are not necessary to resolve the legal issues presented in this appeal.

**STATE v. LOVE**

[127 N.C. App. 437 (1997)]

erties with a child. Indeed, applicable case law and a review of both offenses show that assault on a female is not a lesser included offense of taking indecent liberties with a child.

In *State v. Holman*, 94 N.C. App. 361, 380 S.E.2d 128 (1989), this Court specifically rejected a defendant's argument that assault on a female under twelve was a lesser included offense of taking indecent liberties with a child. In doing so, we stated:

Clearly, assault is not an essential element of taking indecent liberties with a child. Since assault is an essential element of the crime of assault on a child under the age of 12 years, this offense cannot be a lesser included offense of taking indecent liberties with a child.

*Id.* at 364, 380 S.E.2d at 130. Although *Holman* dealt with assault on a female under twelve, its reasoning applies with equal force to assault on a female. Plainly, if the assault in *Holman* was not an essential element of taking indecent liberties with a child, the assault in this case is no more so. *See Weaver*, 306 N.C. at 635, 295 S.E.2d at 378 (rejecting the proposition that the facts of a particular case determine whether one crime is a lesser included offense of another).

Furthermore, we note that the age requirements contained in each offense prevents recognition of assault on a female as a lesser included offense. For example, an indecent liberties conviction requires that the victim be under sixteen years old, and that the offender be at least sixteen years old and at least five years older than the victim. N.C. Gen. Stat. § 14-202.1 (1993). In comparison, assault on a female requires that the offender be at least eighteen years old. N.C. Gen. Stat. § 14-33(b)(2) (1993). It follows that assault on a female is not a lesser included offense of taking indecent liberties with a child because assault on a female contains elements not present in the greater offense. *See Weaver*, 306 N.C. at 636, 295 S.E.2d at 379 (holding that taking indecent liberties with a child is not a lesser included offense of statutory rape given the differing age elements).

Based on the foregoing, we hold that the trial court properly refused to instruct on assault on a female as a lesser included offense of taking indecent liberties with a child. In sum, we find that the defendant received a fair trial, free from prejudicial error.

No error.

Judges JOHN and SMITH concur.