STATE OF NORTH CAROLINA v. GARY DARNELL HAMILTON, Defendant

No. COA98-526

(Filed 16 February 1999)

## 1. Larceny— sufficiency of evidence—fingerprints

The trial court did not err by denying defendant's motion to dismiss charges of breaking or entering, felonious larceny, and felonious possession of stolen goods where a Belk's store was found with a hole in the roof and $24,000 of merchandise missing, defendant's fingerprints were recovered from the top of an awning more than eleven feet above the ground, the store manager testified that the building had received no roofing work at all in recent months and that no one had permission to enter the building through the roof, and defendant was acquainted with the modus operandi of such a crime as evidenced by a prior conviction of a rooftop breaking or entering.

## 2. Burglary and Unlawful Breaking or Entering— felonious intent—no other explanation

The trial court did not err by denying defendant's motions to dismiss charges of breaking or entering where a Belk's store was found with a hole in the roof and $24,000 in merchandise missing, no evidence of any other reason for breaking or entering through the hole in the roof was offered or suggested, and the manager discovered the thousands of dollars of missing merchandise the same day the hole was discovered. If the evidence presents no other explanation for breaking into the building and there is no showing of the owner's consent, intent to commit a felony inside may be inferred from the circumstances surrounding the occurrence.

## 3. Evidence— prior crime or act—prior similar conviction— admissible

The trial court did not err in a prosecution for breaking or entering, felonious larceny, and felonious possession of stolen goods by admitting evidence of a prior conviction for a similar rooftop breaking or entering. The crimes were similar in that they both involved cutting a hole in the roof of a department store in eastern North Carolina and removing large amounts of jewelry from display counters. The elapsed time of two years and nine months affects only the weight of the evidence, not its admissibility.

STATE v. HAMILTON

[132 N.C. App. 316 (1999)]

**4. Burglary and Unlawful Breaking or Entering— breaking or entering—lesser included offenses—misdemeanor breaking or entering—first-degree trespass**

The trial court did not err in a prosecution for felonious breaking or entering and felonious larceny by not instructing the jury on the lesser included offenses of misdemeanor breaking or entering and first-degree trespass. The mere possibility that a jury might reject part of the prosecution's evidence does not require submission of a lesser included offense; here, there is no evidence that might convince a rational trier of fact that defendant scaled a wall, attained a roof, forced a hole in it, and entered a Belk store for some reason other than larceny.

Appeal by defendant from judgment and commitment entered 29 June 1995 by Judge Ernest B. Fullwood in Sampson County Superior Court. Heard in the Court of Appeals 27 January 1999.

*Attorney General Michael F. Easley, by Assistant Attorney General J. Philip Allen, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Anne M. Gomez, for defendant-appellant.*

LEWIS, Judge.

Defendant was indicted on 3 April 1995 for felonious breaking or entering, felonious larceny, felonious possession of stolen goods, and as a habitual felon. The jury convicted defendant of felonious breaking or entering, acquitted him of felonious larceny, and was not instructed as to felonious possession of stolen goods. Defendant argues three assignments of error, each of which we overrule.

The evidence tended to show that the store manager of Belk in Clinton arrived at the store at approximately 8:30 a.m. on 29 April 1993 and found the doors undisturbed and the alarm system armed. As the manager walked through the store, he discovered a hole measuring approximately two feet by three feet in the roof of the store. Merchandise worth approximately $24,000.00, including large amounts of jewelry and clothing, was missing. Police officers determined that the perpetrator gained access to the building by two plastic milk crates stacked on an electrical box near the rear entrance of the building. The perpetrator then climbed up a downspout to an awning that covered the rear entrance of the building. From the awning, the perpetrator climbed to the roof. Defendant's fingerprints

were found on top of the awning, eleven feet, four inches from the ground. Defendant had previously been convicted of and served an active sentence for breaking or entering and larceny of the Sears store in Greenville on 25 July 1990. That crime also involved a rooftop hole as means of entry to the store and the theft of a large amount of jewelry.

[1] Defendant first argues that the trial court should have granted his motions to dismiss the charges. Defendant claims there was not enough evidence to show that he broke or entered the store and not enough evidence to support a finding of felonious intent. As to both contentions, we disagree.

When the trial court rules on a motion to dismiss, the prosecution must be given "every reasonable inference" of the evidence presented. *State v. Cross*, 345 N.C. 713, 717, 483 S.E.2d 432, 434 (1997). "If the evidence adduced at trial gives rise to a reasonable inference of guilt, it is for the members of the jury to decide whether the facts shown satisfy them beyond a reasonable doubt of defendant's guilt." *State v. Jones*, 303 N.C. 500, 504, 279 S.E.2d 835, 838 (1981). Circumstantial and direct evidence are each considered in weighing whether the evidence is substantial so as to survive the defendant's motion. *See State v. Capps*, 61 N.C. App. 225, 227, 300 S.E.2d 819, 820, *disc. review denied*, 308 N.C. 545, 304 S.E.2d 239 (1983). Generally, questions of the sufficiency of the evidence must be determined on a case by case basis. *See State v. Blake*, 319 N.C. 599, 605, 356 S.E.2d 352, 355 (1987).

In this case, the prosecution relied on fingerprint evidence found high above the ground and within the crime scene to defeat defendant's motions to dismiss. When relying on fingerprint evidence to defeat a motion to dismiss, the prosecution must present substantial evidence of circumstances from which the jury could find the print "could only have been impressed at the time the crime was committed." *State v. Miller*, 289 N.C. 1, 4, 220 S.E.2d 572, 574 (1975). Here, defendant's fingerprints were recovered from the top of the Belk awning more than eleven feet above the ground. The store manager testified that the building had received "no roofing work at all" in recent months and that no one had permission to enter the building through the roof. Defendant was acquainted with the modus operandi of such a crime as evidenced by his prior conviction of a rooftop breaking or entering. We hold that the surrounding circumstances combined with the fingerprint evidence were sufficient to send the case to the jury. *See Cross*, 345 N.C. at 718, 483 S.E.2d at 435 (holding

that where fingerprints were uniquely positioned on a car door, "the fingerprint evidence, standing alone, was sufficient to send this case to the jury"); *State v. Williams*, 95 N.C. App. 627, 628, 383 S.E.2d 456, 457 (1989) (holding that fingerprints on window of room with missing television constituted sufficient evidence to submit case to jury); *State v. Bradley*, 65 N.C. App. 359, 362, 309 S.E.2d 510, 512 (1983) (holding that fingerprints in non-public portion of building where defendant was not an employee support reasonable inference of guilt and submission of case to jury).

[2] Defendant also contends that his motions to dismiss should have been granted because there was insufficient evidence of his intent to commit a felony inside Belk. We disagree. If the evidence presents no other explanation for breaking into the building, and there is no showing of the owner's consent, intent to commit a felony inside " 'may be inferred from the circumstances surrounding the occurrence.' " *See State v. Myrick*, 306 N.C. 110, 115, 291 S.E.2d 577, 580 (1982) (quoting *State v. Thorpe*, 274 N.C. 457, 464, 164 S.E.2d 171, 176 (1968)). *See also In re Cousin*, 93 N.C. App. 224, 226, 377 S.E.2d 275, 276 (1989). No evidence of any other reason for breaking or entering through the hole in the roof was offered or suggested, and the manager discovered thousands of dollars of merchandise missing the same day the hole was discovered. Therefore, we hold that the evidence was sufficient to support an inference that defendant broke or entered Belk with felonious intent. The trial court did not err in denying defendant's motions to dismiss.

[3] Second, defendant contends that the trial court erred in allowing the jury to hear evidence of defendant's prior conviction for a similar rooftop breaking or entering. The trial court twice instructed the jury that they were hearing evidence of defendant's Sears conviction only for the purpose of identification. Prior crimes are admissible under Rule 404(b) so long as they are "relevant to any fact or issue other than defendant's propensity to commit the crime." *State v. White*, 340 N.C. 264, 284, 457 S.E.2d 841, 853, *cert. denied*, 516 U.S. 994, 133 L. Ed. 2d 436 (1995). Evidence of the prior crime must be sufficiently similar to the crime charged and not too remote in time such that it is more prejudicial than probative under Rule 403. *See State v. Reid*, 104 N.C. App. 334, 348, 410 S.E.2d 67, 75 (1991), *rev'd on other grounds*, 334 N.C. 551, 434 S.E.2d 193 (1993).

"Where the accused is not definitely identified as the perpetrator of the crime charged and the circumstances tend to show that the

crime charged and another offense were committed by the same person, evidence that the accused committed the other offense is admissible to identify him as the perpetrator of the crime charged."

*State v. Riddick*, 316 N.C. 127, 133, 340 S.E.2d 422, 426 (1986), (quoting *State v. McClain*, 240 N.C. 171, 175, 81 S.E.2d 364, 367 (1954)). The passage of time affects the weight of the evidence, not its admissibility, when the evidence is offered to show identity. *See State v. Carter*, 338 N.C. 569, 589, 451 S.E.2d 157, 168 (1994) (holding offense 8 years prior admissible), *cert. denied*, 515 U.S. 1107, 132 L. Ed. 2d 263 (1995). Finally, whether to exclude evidence under Rule 403 is a decision vested with the trial court and will not be disturbed unless it is "manifestly unsupported by reason." *State v. Syriani*, 333 N.C. 350, 379, 428 S.E.2d 118, 133, *cert. denied*, 510 U.S. 948, 126 L. Ed. 2d 341 (1993).

Here, we hold that the trial court did not err in allowing evidence of defendant's prior conviction before the jury. The court gave a proper limiting instruction telling the jury to consider the evidence only for identity. *See State v. Lemons*, 348 N.C. 335, 353, 501 S.E.2d 309, 320 (1998). The crimes were similar as they both involved cutting a hole in the roof of a department store in eastern North Carolina and removing large amounts of jewelry from display counters. The elapsed time of two years and nine months affects only the weight of the evidence, not its admissibility. We believe the prior crime was sufficiently similar to the crime charged, and there was no abuse of discretion by the trial court in allowing this evidence to go before the jury. Accordingly, this assignment of error is overruled.

[4] Finally, defendant contends that the trial court committed plain error in failing to instruct the jury on the lesser included offenses of misdemeanor breaking or entering and first-degree trespass. This Court reviews a jury charge to which defendant failed to object for error that was "so fundamental as to amount to a miscarriage of justice." *State v. Bagley*, 321 N.C. 201, 213, 362 S.E.2d 244, 251 (1987), *cert. denied*, 485 U.S. 1036, 99 L. Ed. 2d 912 (1988). We detect no such error here.

First, defendant is correct in his contention that first-degree trespass is a lesser included offense of felony breaking or entering. To be a lesser included offense, each essential element in the lesser offense must also be in the greater crime. *State v. Love*, 127 N.C. App. 437, 438, 490 S.E.2d 249, 250 (1997). N.C. Gen. Stat. section 14-159.12 pro-

vides that a person is guilty of first-degree trespass when "without authorization, he enters or remains . . . [o]n premises of another . . . or [i]n a building of another." N.C. Gen. Stat. § 14-159.12 (1993). By contrast, felony breaking or entering requires a defendant "break[] or enter[] any building with intent to commit any felony or larceny therein." N.C. Gen. Stat. § 14-54(a) (1993). Misdemeanor breaking or entering occurs when a defendant "wrongfully breaks or enters any building." N.C. Gen. Stat. § 14-54(b) (1993). The essential elements of first-degree trespass are present in the charge of and indictment for felony breaking or entering.

However, our inquiry does not end with a determination that the noted crimes are indeed lesser included offenses. An instruction on a lesser included offense must be given, even without a request from defendant, only if there is evidence to support his conviction of the less grievous offense. See State v. Richmond, 347 N.C. 412, 431, 495 S.E.2d 677, 687, cert. denied, —— U.S. ——, 142 L. Ed. 2d 88 (1998). The trial court is not, however, obligated to give a lesser included instruction if there is "no evidence giving rise to a reasonable inference to dispute the State's contention." State v. McKinnon, 306 N.C. 288, 301, 293 S.E.2d 118, 127 (1982). The mere possibility that a jury might reject part of the prosecution's evidence does not require submission of a lesser included offense. See State v. Barnette, 96 N.C. App. 199, 202, 385 S.E.2d 163, 164 (1989).

Defendant points to State v. Worthey, 270 N.C. 444, 446, 154 S.E.2d 515, 516 (1967), as support for his contention. There, the Supreme Court held that misdemeanor breaking or entering should have been submitted as a lesser included offense because "evidence as to defendant's intent was circumstantial and did not point unerringly to an intent to commit a felony." Id. The defendant testified at his trial that he had gone inside the premises to meet an employee and had been using the restroom facilities while waiting for the employee to give him a ride. Indeed, in Worthey, no items were removed from the premises. Defendant also cites State v. Patton, 80 N.C. App. 302, 306, 341 S.E.2d 744, 746-47 (1986). In Patton, this Court held that since no items were missing from the subject premises and the only evidence of the defendant's intent was the fact that he broke and entered, a misdemeanor instruction was required. See id.

Both of these cases are readily distinguishable. Defendant did not testify or present any evidence that he broke or entered for any non-felonious purpose. The indictment alleges larceny, and no other

explanation was given for the unauthorized entry into the store. The trial court need not submit misdemeanor breaking or entering instructions on these facts. *See State v. Merritt*, 120 N.C. App. 732, 743, 463 S.E.2d 590, 596 (1995) (holding that misdemeanor breaking and entering must be submitted as lesser included offense in first-degree burglary case only "if there is substantial evidence the defendant broke and entered for some non-felonious reason other than that alleged in the indictment."), *disc. review denied*, 342 N.C. 897, 467 S.E.2d 738 (1996).

Furthermore, in this case items were missing from the subject premises after defendant broke or entered. This Court similarly distinguished *Worthey* in *State v. Berry*. Because items were removed from the home in *Berry*, "[a]ll the evidence was to the effect that whoever broke into [the] house intended to take the television set." *State v. Berry*, 58 N.C. App. 355, 358, 293 S.E.2d 650, 652 (1982), *aff'd*, 307 N.C. 463, 298 S.E.2d 386 (1983). Therefore, we held there was no evidence of misdemeanor breaking or entering, but rather only evidence of felonious breaking or entering. *See id.*

Here, there is no evidence that might convince a rational trier of fact that defendant scaled the wall, attained the roof, forced a hole in it, and entered the Belk store for some reason other than larceny. Defendant offered no alternative reason, and items indeed were stolen from the premises. Therefore, there was no need to instruct the jury on the lesser included offenses of misdemeanor breaking or entering or first degree trespass. This assignment of error is overruled.

No error.

Judges WALKER and TIMMONS-GOODSON concur.