**STATE v. NORTHINGTON**

[230 N.C. App. 575 (2013)]

STATE OF NORTH CAROLINA
v.
VINCENT EDWARD NORTHINGTON

No. COA13-475

Filed 19 November 2013

1. **Possession of Stolen Property—breaking and entering—jury instructions—sufficient evidence—lesser-included offenses—instructions not required**

    The trial court did not err in a felonious possession of stolen property and felonious breaking and entering case by denying defendant's request for instructions on lesser-included offenses. There was positive evidence as to each and every element of felonious possession of stolen property and felonious breaking and entering.

2. **Sentencing—prior record level—out-of-state conviction—failure to present evidence—substantially similar—not prejudicial**

    The trial court did not err in a felonious possession of stolen property and felonious breaking and entering case by sentencing defendant as a prior felony record level IV offender. Although the State failed to present evidence that defendant's conviction in Tennessee for "theft over $1,000" was substantially similar to a Class H offense in North Carolina, and the trial court erroneously accepted defendant's stipulation of the substantial similarity of the Tennessee conviction, this error did not affect the computation of defendant's prior felony record level. Both Class H and Class I felonies carried two sentencing points for the computation of defendant's prior felony record level.

3. **Firearms and Other Weapons—possession by felon—habitual felon status—sufficient predicate felonies**

    The trial court had jurisdiction to try, convict, and sentence defendant for possession of a firearm by a felon, and sentence him as an habitual felon, where possession of marijuana with the intent to sell and deliver and possession of a firearm by a felon are felonies under North Carolina law.

Appeal by defendant from judgments entered 8 November 2012 by Judge Charles H. Henry in Onslow County Superior Court. Heard in the Court of Appeals 9 October 2013.

STATE v. NORTHINGTON

[230 N.C. App. 575 (2013)]

*Attorney General Roy Cooper, by Special Deputy Attorney General Hilda Burnett-Baker, for the State.*

*Bowen and Berry, PLLC, by Sue Genrich Berry for defendant-appellant.*

STEELMAN, Judge.

Where there was positive evidence as to each and every element of felonious possession of stolen property and felonious breaking and entering, the trial court did not err by denying defendant's request for instructions on lesser included offenses. Where both Class H and Class I felonies carry two sentencing points for the computation of defendant's prior felony record level, the trial court's designation of an out-of-state conviction as a Class H felony was not prejudicial. Where possession of marijuana with the intent to sell and deliver and possession of a firearm by a felon are felonies under North Carolina law, the trial court had jurisdiction to try, convict, and sentence defendant for possession of a firearm by a felon, and sentence defendant as an habitual felon.

## I.  Factual and Procedural Background

On 24 September 2010, Tricia Brady (Brady) called 911 to report a breaking and entering of her residence in Jacksonville, North Carolina. Brady had returned to her home that afternoon and found glass everywhere, her dogs locked inside her bedroom, and blood on the door to the master bedroom. Officer Kimberly Carnes (Carnes) responded, processed the crime scene with photographs, and collected blood evidence from the doorframe. Brady told Carnes that her father's shotgun was missing from the closet in her bedroom. She also stated that a couple pieces of jewelry, $100.00, and prescription medication were missing. Detective Barbara Evanson (Evanson) was assigned to the case on 27 September 2010 and confirmed with Brady the items that were missing, including the single barrel bolt-action shotgun. Brady told Evanson that she believed her son, Anthony Asay (Asay), and his friend Tyler Boutwell (Boutwell) were involved in the break-in.

On 3 October 2010, Jacksonville Police Officer Brian Pacilli (Pacilli) conducted a traffic stop of Bryan Goldman's · (Goldman) vehicle. Goldman gave Pacilli consent to search the vehicle, and Pacilli found various items including a 12-gauge bolt-action shotgun, an orange prescription bottle belonging to Boutwell, drugs, and the North Carolina Identification card of Vincent E. Northington (defendant). Brady later

identified the shotgun as being the shotgun that was taken from her home. She also identified a gun cloth case that was retrieved from the book bag found in Goldman's vehicle. Evanson obtained DNA samples from Asay and Boutwell and sent the samples to the North Carolina State Bureau of Investigations Lab for comparison to the DNA sample taken from Brady's residence. They did not match the DNA blood evidence taken at Brady's residence. About a year later, Evanson was notified of a match to the DNA sample taken from the 24 September 2010 break-in to defendant in the Combined DNA Index System. Defendant's DNA was then taken, sent to the lab where it was tested, and the test confirmed it was a match with the blood evidence.

On 11 September 2012, defendant was indicted for possession of stolen goods and conspiracy to break and enter to commit larceny. On the same date, defendant was also indicted for felony breaking and entering, and larceny. Finally, defendant was indicted for possession of a firearm by a convicted felon. Defendant was also indicted for having attained habitual felon status.

The matter came on for trial at the 5 November 2012 session of Superior Court for Onslow County. Prior to jury selection, the State decided not to prosecute the conspiracy charge. At trial, Goldman testified that he was friends with defendant and that they had shot the shotgun together a number of times. Goldman testified that he didn't know who the owner of the gun was, but that he believed the gun belonged to defendant. At the conclusion of evidence, the State indicated that it would rely on the shotgun and the fabric gun case as items of stolen property. The State also elected not to proceed in the charge of larceny after breaking and entering.

The jury found defendant guilty of possession of stolen property, breaking and entering, and possession of a firearm by a felon. Defendant entered a plea of no contest to having achieved habitual felon status for all three offenses. The trial court sentenced defendant as a Level IV offender to two consecutive active terms of imprisonment of 108 to 139 months.

Defendant appeals.

## II. Jury Instructions

[1] In his first argument, defendant contends that the trial court erred by denying his request that the jury be instructed on the lesser included offenses of non-felonious possession of stolen goods and non-felonious breaking and entering. We disagree.

### A. Standard of Review

"[Arguments] challenging the trial court's decisions regarding jury instructions are reviewed *de novo* by this Court." *State v. Osorio*, 196 N.C. App. 458, 466, 675 S.E.2d 144, 149 (2009).

### B. Analysis

"An instruction on a lesser-included offense must be given only if the evidence would permit the jury rationally to find defendant guilty of the lesser offense and to acquit him of the greater." *State v. Millsaps*, 356 N.C. 556, 561, 572 S.E.2d 767, 771 (2002). "[W]hen the State's evidence is positive as to each and every element of the crime charged and there is no conflicting evidence relating to any element of the charged crime," an instruction on lesser included offenses is not required. *State v. Harvey*, 281 N.C. 1, 13-14, 187 S.E.2d 706, 714 (1972).

### 1. Possession of Stolen Goods

The essential elements of felonious possession of stolen property are: (1) possession of personal property, (2) which was stolen pursuant to a breaking or entering, (3) the possessor knowing or having reasonable grounds to believe the property to have been stolen pursuant to a breaking or entering, and (4) the possessor acting with a dishonest purpose.

*State v. McQueen*, 165 N.C. App. 454, 459, 598 S.E.2d 672, 676 (2004). Misdemeanor possession of stolen goods is "the receiving or possession of stolen goods knowing or having reasonable grounds to believe them to be stolen, where the value of the property or goods is not more than one thousand dollars." N.C. Gen. Stat. § 14-72(a) (2011). Defendant contends that there was no direct evidence that the property was stolen pursuant to a breaking or entering and therefore, the instruction on misdemeanor possession of stolen goods should have been given.

In the instant case, the State presented positive evidence as to each element of the offense of felonious possession of stolen goods. Brady testified that on 24 September 2010, her residence was broken into and that items were stolen, including a shotgun that was taken from her closet. She further testified that she found blood on the doorframe of the bedroom when she returned home. The blood was determined to match defendant's DNA profile. Defendant's friend, Goldman, testified that he first saw the shotgun about a week before 3 October 2010, that he and defendant occasionally shot the gun together, and that he believed the shotgun belonged to defendant. Upon our review of the record, there

is no conflicting evidence as to the element of whether the shotgun was taken pursuant to the breaking and entering. We hold that defendant was not entitled to jury instructions on the lesser included offense of misdemeanor possession of stolen goods because all evidence at trial tended to show that there was a breaking and entering at Brady's residence; that the shotgun was taken as a result of that breaking and entering; that defendant's DNA profile matched a sample of blood found on the doorframe in Brady's residence; and defendant's friend stated he believed the gun belonged to defendant.

This argument is without merit.

### 2. Breaking and Entering

N.C. Gen. Stat. § 14-54 provides that "[a]ny person who breaks or enters any building with intent to commit any felony or larceny therein shall be punished as a Class H felon" and "[a]ny person who wrongfully breaks or enters any building is guilty of a Class 1 misdemeanor." N.C. Gen. Stat. § 14-54 (2011). Defendant argues that there was no evidence of his intent at the time of the entering of Brady's residence and therefore, he was entitled to the instruction on the lesser included offense of non-felonious breaking and entering.

Evidence of missing items after a breaking or entering can be sufficient to prove intent to commit a larceny and dispose of the necessity to instruct on misdemeanor breaking and entering. *See State v. Hamilton*, 132 N.C. App. 316, 322, 512 S.E.2d 80, 85 (1999) (stating that when defendant offered no alternative reason for entering and "items were missing from the subject premises after defendant broke or entered," there was "no need to instruct the jury on the lesser included offenses of misdemeanor breaking or entering").

In the instant case, defendant argues that the evidence did not include testimony from Brady about "when, in relation to the break-in, she had last seen the shotgun and its case in her bedroom closet." Brady testified that when she left her residence on 24 September 2010, the shotgun was in the fabric gun case in her closet, and that the shotgun was taken from her residence on 24 September 2010. Carnes testified that Brady reported to her that the shotgun was missing after the break-in, and Evanson testified that Brady confirmed to her that the shotgun had been stolen from her residence as a result of the breaking and entering. This testimony was more than sufficient to establish that items were missing after the breaking and entering. There was no evidence presented that supported any alternate theory as to why the items were missing or that gave another explanation for the unauthorized entry.

Ingenuity of counsel on appeal does not constitute evidence supporting an instruction on misdemeanor breaking or entering. Under our holding in *Hamilton*, the trial court was not required to submit the lesser charge of misdemeanor breaking and entering to the jury.

This argument is without merit.

### III. Prior Record Level

**[2]** In his second argument, defendant contends that the trial court erred in sentencing him as a prior felony record level IV offender. We disagree.

#### A. Standard of Review

"The determination of an offender's prior record level is a conclusion of law that is subject to *de novo* review on appeal." *State v. Bohler*, 198 N.C. App. 631, 633, 681 S.E.2d 801, 804 (2009).

#### B. Analysis

By default, a prior conviction for a crime that another jurisdiction classifies as a felony will count as a Class I felony for determining defendant's prior record level. N.C. Gen. Stat. § 15A-1340.14(e) (2011). The State or defendant may seek a departure from this default classification by presenting evidence that the offense is substantially similar to an offense in North Carolina that has a different offense classification. *Id.*

> [W]hile the trial court may not accept a stipulation to the effect that a particular out-of-state conviction is "substantially similar" to a particular North Carolina felony or misdemeanor, it may accept a stipulation that the defendant in question has been convicted of a particular out-of-state offense and that this offense is either a felony or a misdemeanor under the law of that jurisdiction.

*Bohler*, 198 N.C. App. at 637-38, 681 S.E.2d at 806.

In the instant case, the prior record level worksheet included Tennessee convictions for "aggravated assault-felony," designated as a Class I felony, and "theft over $1,000," designated as a Class H felony. Defendant stipulated to these prior convictions. On appeal, defendant contends the State did not prove by a preponderance of the evidence that defendant's out-of-state conviction of "theft over $1,000" was substantially similar to a Class H offense under North Carolina law.

Defendant was permitted to stipulate to his conviction of "theft over $1,000" and that such conviction was a felony under the laws of

Tennessee; however, he was not permitted to stipulate that this conviction was substantially similar to a Class H offense under North Carolina law. *Id.* The State relied on defendant's stipulation and did not submit any additional evidence during sentencing establishing defendant's prior record level. The State had previously submitted certified copies of defendant's out-of-state convictions to the trial court as evidence of defendant's habitual felon status; however, at no time did the State present evidence that the "theft over $1,000" was substantially similar to a Class H offense in North Carolina.

While it was error to accept defendant's stipulation of the substantial similarity of the Tennessee conviction for "theft over $1,000" to a Class H felony, this error did not affect the computation of defendant's prior felony record level. *See id.* at 638, 681 S.E.2d at 806-807 (holding that the trial court's error in classifying out-of-state convictions as Class H felonies, rather than Class I felonies, was not prejudicial because both are assigned two points under N.C. Gen. Stat. § 15A–1340.14(b) (4)). Because a Class H felony and a Class I felony are both assigned two points under N.C. Gen. Stat. § 15A-1340.14(b)(4), any possible error did not affect defendant's prior record level, and we hold there was no prejudicial error in sentencing defendant.

This argument is without merit.

## IV. Prior Felony Conviction

[3] In his fourth and fifth arguments, defendant contends that the trial court was without jurisdiction (1) to try, convict, and sentence defendant for possession of a firearm by a felon, and (2) to sentence defendant as an habitual felon, because the State failed to allege proper qualifying prior felony convictions. We disagree.

Defendant's 2006 conviction for possession of a firearm by a felon in 04 CRS 54531 was alleged as the predicate felony for the charge of possession of a firearm by a felon. It was also one of the three prior convictions alleged as supporting the habitual felon indictment.[1]

Defendant's argument on appeal is that the 04 CRS 54531 conviction inappropriately relied upon defendant's North Carolina conviction

---

1. Although not argued on appeal, we note that it was proper to use the previous conviction of possession of a firearm by a felon to support defendant's current charge of possession of a firearm by a felon and also to support a habitual felon indictment. *See State v. Crump*, 178 N.C. App. 717, 720, 632 S.E.2d 233, 235 (2006) (holding that it was proper to "utiliz[e] [the defendant's] 1998 conviction for possession of a firearm by a felon as both (1) the underlying felony for his current possession of a firearm prosecution and (2) one of the underlying felonies for his habitual felon indictment").

in 2003 for possession with intent to sell and deliver marijuana as the predicate felony element of that crime. Defendant argues that because he "could not have received a sentence of greater than one year for the underlying prior conviction for possession with intent to sell and deliver marijuana . . . that prior conviction is not a qualifying predicate prior." In support of this contention, defendant relies on two federal cases, *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 177 L. Ed. 2d 68 (2010) and *United States v. Simmons*, 649 F.3d. 237 (4th Cir.2011), which clarify the definition of "aggravated felony" for the purposes of cancellation of removal pursuant to the Immigration and Nationality Act, 8 U.S.C. § 1229b, and the definition of "felony drug offense" for the purposes of sentencing pursuant to the Controlled Substances Act, 21 U.S.C. § 841.

The determination of whether a prior conviction constitutes a felony under the possession of a firearm by a felon offense, N.C. Gen. Stat. § 14-415.1, and the habitual felon statute, N.C. Gen. Stat. § 14-7.1, is a question of North Carolina state law, not federal law. *See* N.C. Gen. Stat. § 14-415.1 (2011) ("Prior convictions . . . under this section shall only include: (1) Felony convictions in North Carolina that occur before, on, or after December 1, 1995. . . .); N.C. Gen. Stat. § 14-7.1 (2011) ("[A] felony offense is defined as an offense which is a felony under the laws of the State. . . ."). Both the 2003 conviction of possession of marijuana with intent to sell and deliver, and the conviction in 04 CRS 54531 of possession of a firearm by a felon are felonies under the laws of North Carolina. *See* N.C. Gen. Stat. § 90-95(b) (2011) (noting that a controlled substance classified in Schedule III, IV, V, or VI shall be punished as a Class I felon); *see also* N.C. Gen. Stat. § 90-94 (2011) (classifying marijuana as a Schedule IV substance); N.C. Gen. Stat. § 14-415.1 ("Every person violating the provisions of this section shall be punished as a Class G felon.").

Because possession of marijuana with intent to sell and deliver is a felony under North Carolina state law, it was appropriately relied upon in defendant's conviction in 04 CRS 54531. Therefore, it follows that the trial court properly relied on the 04 CRS 54531 conviction as one of defendant's three prior convictions qualifying defendant for habitual felon status and to satisfy the predicate felony element in the prosecution of possession of a firearm by a felon. The trial court had jurisdiction to try, convict, and sentence defendant for possession of a firearm by a felon and the trial court had jurisdiction to sentence defendant as a habitual felon.

We note that while we have addressed defendant's challenge to his conviction in case 04 CRS 54531, it is not properly before us. The

judgment in 04 CRS 54531 was entered 8 August 2006. Any alleged error with this conviction should have been raised by an appeal of that judgment. *See* N.C. Gen. Stat. § 15A-1444 (2011) (describing when a defendant may appeal); N.C.R. App. P. 4(a) (denoting the time and manner of a criminal appeal).

This argument is without merit.

NO PREJUDICIAL ERROR.

Judges HUNTER, ROBERT C., and BRYANT concur.